IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
SIOUX CITY DIVISION

| | |
|---|---|
| DARRELL BOWEN,<br><br>  Plaintiff,<br><br>vs.<br><br>JARED CLAUSEN, both individually and in his official capacity as Police Chief for the Mapleton Police Department; MAPLETON, IOWA,<br><br>  Defendants. | Civil No.:<br><br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW**, the Plaintiff, Darrell Bowen, by and through his undersigned counsel, Benjamin D. Bergmann, and for his causes of action, respectfully states the following:

## PARTIES

1. Plaintiff Darrell Bowen is a United States citizen and was a resident of Danbury, Woodbury County, Iowa at all times relevant to the events complained of herein.

2. Defendant Jared Clausen (hereinafter "Defendant Clausen") is believed to be a citizen and resident of Monona County, Iowa, and was employed as Chief of Police with the Mapleton Police Department at all times relevant to the events complained of herein.

3. Defendant City of Mapleton, Iowa (hereinafter "Defendant City"), is a municipal corporation organized under the laws of the State of Iowa and acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action for damages. Defendant City is responsible for employing and regulating the work of Chief of Police Jared Clausen.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. §1367.

6. All events and actions referenced in Complaint occurred in the Northern District of Iowa, therefore venue is proper under 28 U.S.C §1391(b)(1) - (2).

## FACTUAL BACKGROUND

7. All events complained of herein occurred in either Monona County, Iowa or Woodbury County, Iowa.

8. On or about June 12, 2017 Defendant Clausen initiated a traffic stop of Plaintiff.

9. After Plaintiff noticed that Defendant Clausen was attempting to pull him over, Plaintiff pulled over on the side of Highway 175, unmounted his motorcycle, and attempted to put his kickstand for his motorcycle down.

10. Defendant Clausen exited his vehicle, and without warning, released his K-9 from the back of his police cruiser.

11. Plaintiff was viciously bitten by Defendant Clausen's police dog or K-9.

12. Plaintiff sustained injuries that required medical treatment and attention as a proximate result of being bitten by Defendant Clausen's police dog or K-9.

13. Plaintiff suffered psychological and emotional injuries due to Defendant Clausen's actions.

# CAUSES OF ACTION

## COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
*Right to be Free from Excessive Force*
(**Against Defendant Clausen, in his individual capacity**)

14. Plaintiff repleads paragraphs one (1) through thirteen (13) as if fully set forth herein.

15. Defendant Clausen is a person for the purposes of a Section 1983 action for damages.

16. At all times material hereto, Defendant's actions and/or omissions were made under the color of authority and law as Chief of Police with the Mapleton Police Department.

17. On or about June 12, 2017, Defendant violated Plaintiff's clearly established constitutional rights by utilizing excessive force while punitively and sadistically using a police dog or K-9 on Plaintiff when he posed no reasonable risk of harm or safety to any officer or other individuals present on the day in question and further failed to utilize less severe compliance techniques. This use of force was unnecessary under the circumstances.

18. The use of force Defendant employed while confronting Plaintiff was excessive and unreasonable under the circumstances.

19. Defendant demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's civil and constitutional rights by maliciously and sadistically employing his police dog or K-9 under the circumstances.

20. Defendant's actions were willful, wanton, unlawful, and in gross disregard of the civil rights of the Plaintiff, justifying an award of punitive damages.

21. As a direct and proximate result of Defendant Clausen's illegal and unjustified conduct, Darrell has and will in the future suffer and incur the following damages:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Consequential damages;

    d. Actual and compensatory damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

    f. Loss of income and earning capacity; and

    g. Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against the aforementioned Defendant as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

    b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    d. Punitive damages; and,

    e. Such relief as the Court deems just and equitable.

## COUNT II
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
## VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Monell Liability for Unreasonable Excessive Force*
*(Against Defendant City of Mapleton)*

22. Plaintiff repleads paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23. Defendant City is a person for the purposes of Section 1983 action for damages.

24. Defendants City failed to establish and/or maintain, and/or enforce official municipal policies, patterns, practices, or customs of using appropriate or necessary force, particularly when it comes to use of a police dog or K-9 on citizens.

25. Prior to the events described *supra*, Defendant City deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising and officers within the department relating to the use of force on a citizen, particularly the use of a police dog or K-9.

26. Defendant City failed to train and/or inadequately trained its law enforcement officers and deputies in fundamental police procedures as they pertain to use of police dog or K-9s and/or failed to properly supervise, train, or control its officers regarding the appropriate use of compliance techniques, thereby leading to the unreasonable and inappropriate decision to employ the police dog or K-9 on Plaintiff.

27. The acts and/or omissions of Defendant City amount to deliberate indifference to the rights and safety of citizens, including Plaintiff.

28. Defendant City's actions and/or omissions intruded upon Plaintiff's rights to bodily integrity and personal security, and violated Plaintiff's right to be free from unreasonable excessive use of force.

29. Defendant City's failure to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendant Clausen to violate Plaintiff's constitutional rights.

30. Defendant City's actions and/or omissions constituted willful and wanton disregard for Plaintiff's rights and safety.

31. As a proximate result of Defendant City's acts and/or omissions, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and compensatory damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

   f. Loss of income and earning capacity; and

   g. Other damages as allowed by law.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

   b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

   d. Punitive damages; and,

e. Such relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION
### *Right to Be Free From Unreasonable Excessive Force*
*(Against Defendant Clausen, in his individual and official capacity)*

32. Plaintiff repleads paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33. At all times material hereto, Defendant Clausen's actions and/or omissions were made under the color of authority and law as the Chief of Police for the City of Mapleton, Iowa.

34. On or about June 12, 2017, Defendant Clausen violated Darrell Bowen's constitutional rights, to wit: by utilizing unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff by employing the use of a police dog or K-9 on the Plaintiff.

35. Defendant Clausen's actions were unreasonable under the circumstances.

36. Defendant Clausen's actions demonstrate a deliberate indifference to and reckless disregard of Darrell's civil and constitutional rights.

37. Defendant Clausen's actions were willful, wanton, unlawful, and in gross disregard of Cynthia's civil rights, justifying an award of punitive damages.

38. As a proximate result of Defendant City's acts and/or omissions, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and compensatory damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

    f. Loss of income and earning capacity; and

    g. Other damages as allowed by law.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

    b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    d. Punitive damages; and,

    e. Such relief as the Court deems just and equitable.

<u>**COUNT IV**</u>
<u>**ASSAULT AND BATTERY**</u>
(*Against Defendant Clausen, in his individual and official capacity*)

39. Plaintiff repleads paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Defendant Clausen utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff by employing the use of a police dog or K-9 on the Plaintiff. The actions of Defendant were undertaken without the consent of Plaintiff.

41. Defendant's contact was offensive to Plaintiff and/or a reasonable person and caused physical injury to Plaintiff. Said contact further placed Plaintiff in fear of further physical pain and/or injury.

42. Defendant's use of force against Plaintiff was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

43. As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages

44. Defendant's actions were willful, wanton, unlawful, and in gross disregard of the civil rights of Plaintiff, justifying an award of punitive damages.

45. As a direct and proximate result of Defendant's illegal and unjustified conduct, Darrell has and will in the future suffer and incur the following damages:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and compensatory damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

   f. Loss of income and earning capacity; and

   g. Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against the aforementioned Defendant as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

   b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs available at common law;

d. Punitive damages; and,

   e. Such relief as the Court deems just and equitable.

## COUNT V
### NEGLIGENT TRAINING AND SUPERVISION OF JARED CLAUSEN.
*(Against Defendants City of Mapleton)*

46. Plaintiff repleads paragraphs one (1) through forty-five (45) as if fully set forth herein.

47. Defendants were the employer and/or supervisors of Jared Clausen.

48. As the employer/supervisor, Defendants had a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

49. Defendants breached their duty in the negligent and reckless supervision and training of Jared Clausen as it relates to his unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff by employing the use of a police dog or K-9 on the Plaintiff.

50. Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Jared Clausen.

51. The incompetence, unfitness, and dangerous characteristics of Jared Clausen were a cause of damage to Darrell.

52. As a direct and proximate result of Defendants' negligent conduct, Darrell has and will in the future suffer and incur the following damages:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Consequential damages;

    d. Actual and compensatory damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

    f. Loss of income and earning capacity; and

    g. Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against the aforementioned Defendant as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

    b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs available at common law;

    d. Punitive damages; and,

    e. Such relief as the Court deems just and equitable.

## COUNT VI
### RESPONDEAT SUPERIOR REGARDING CHIEF JARED CLAUSEN
*(Against Defendant City of Mapleton)*

53. Plaintiffs replead paragraphs one (1) through fifty-two (52) as if fully set forth herein.

54. At all times material hereto, an employer-employee relationship existed between the Defendant City, as the employer, and Jared Clausen as employee.

55. At all times material hereto, Jared Clausen was acting within the scope of his employment with Defendant City.

56. Under the doctrine of respondeat superior, Defendant City is liable for the aforementioned conduct and/or omissions of Jared Clausen, including violations of the Iowa Constitution.

57. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Darrell's rights and reputation, justifying an award of punitive damages.

58. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

59. As a direct and proximate result of Defendant's illegal and unjustified conduct, Darrell has and will in the future suffer and incur the following damages:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and compensatory damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest;

   f. Loss of income and earning capacity; and

   g. Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against the aforementioned Defendant as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

   b. Compensation for violation of his constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and

professional reputation, and emotional distress;

c. Plaintiff's cost in this action, including but not limited to reasonable attorney's fees and costs available at common law;

d. Punitive damages; and,

e. Such relief as the Court deems just and equitable.

## JURY DEMAND

**COMES NOW**, Plaintiff Darrell Bowen hereby demands a trial by jury with regard to all counts pled herein.

**PARRISH KRUIDENIER DUNN BOLES
GRIBBLE GENTRY BROWN & BERGMANN L.L.P.**

By:    */s/ Benjamin D. Bergmann*
     Benjamin D. Bergmann    AT0009469
     2910 Grand Avenue
     Des Moines, Iowa 50312
     Telephone: (515) 284-5737
     Facsimile: (515) 284-1704
     Email: bbergmann@parrishlaw.com
     **ATTORNEY FOR PLAINTIFF**